UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JUAN COLLADO and JENNY SANCHEZ, individually and on
behalf of all others similarly situated,

                                                                                 CIVIL ACTION NO.

                               Plaintiffs,

                           -against-                                      COMPLAINT

ADOLFO MEAT MARKET CORP. and EUCEBIO ADOLFO
MARTINEZ,

                                         Defendants.
-------------------------------------------------------------------------------X

        Plaintiffs Juan Collado ("Collado") and Jenny Sanchez ("Sanchez"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Adolfo Meat Market Corp. ("AMMC") and Eucebio Adolfo Martinez ("Martinez"), respectfully allege as follows:

### I. Nature of Action, Jurisdiction, and Venue

        1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*

        2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

        3.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

1

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the state of New York.

6. At all relevant times, Plaintiffs were employed by Defendants.

7. While employed with Defendants, Plaintiffs were regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

9. AMMC is a domestic corporation with its principal place of business located at 116 E. 170th Street, Bronx, New York 10452.

10. AMMC is a covered employer within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiffs.

11. Martinez is an individual residing, upon information and belief, in the State of New York.

12. At all relevant times, Martinez was and still is an owner, officer, director, shareholder, and/or person in control of AMMC, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

13. At all relevant times, Martinez exercised sufficient control over Plaintiffs' day-to-day operations to be considered their employer under the FLSA and NYLL.

14. Defendants operate in interstate commerce and, upon information and belief, their revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

15. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

16. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

17. Upon information and belief, the FLSA Collective Plaintiffs consist of approximately eight (8) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation.

18. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to provide their employees with overtime compensation for all hours worked in excess of forty (40) per week.

19. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

20. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

21. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those

similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

### Juan Collado's Work Schedule and Rates of Pay

22. Defendants employed Collado as a butcher from in or around January 2012 until on or around September 8, 2021.

23. Collado's job duties included, *inter alia*, cleaning, cutting, weighing, and labeling meats, maintaining supplies, opening and closing the business, and assisting customers.

24. From the beginning of his employment until in or around February 2020, Collado regularly worked Mondays through Saturdays from approximately 8:00 a.m. until approximately 7:30 p.m., and Sundays from approximately 8:00 a.m. until 5:00 p.m., for a total of approximately seventy-eight (78) hours per week.

25. From in or around March 2020 until in or around May 2020, AMMC was closed due to the COVID-19 pandemic. As a result, Collado did not work for Defendants during this period.

26. From in or around May 2020 until on or around September 8, 2021, Collado regularly worked Mondays through Saturdays from approximately 8:00 a.m. until 7:00 p.m., and Sundays from approximately 8:00 a.m. until 4:00 p.m., for a total of approximately seventy-four (74) hours per week.

27. Collado was not afforded proper meal or rest breaks during his employment with Defendants.

28. Defendants neither tracked the actual hours Collado worked nor required Collado to record his time.

29. From in or around January 2015 until in or around December 2017, Defendants paid Collado a fixed salary of $550.00 per week.

30. From in or around January 2018 until in or around December 2019, Defendants paid Collado a fixed salary of $650.00 per week.

31. From in around January 2020 until the end of Collado's employment, except during the period in which AMMC was closed due to the COVID-19 pandemic, Defendants paid Collado a fixed salary of $750.00 per week.

### Jenny Sanchez's Work Schedule and Rates of Pay

32. Defendants employed Sanchez as a cashier and an assistant from on or around March 1, 2015 until on or around September 18, 2021.

33. Sanchez's job duties included, *inter alia*, operating cash registers, providing customer service, reviewing, organizing, and ordering inventory, paying vendors, and applying for licensing permits required by the Department of Agriculture.

34. From in or around March 2015 to in or around July 2015, Sanchez regularly worked Mondays through Fridays from approximately 7:30 a.m. until 8:00 p.m., for a total of approximately sixty-two and a half (62.5) hours per week.

35. From in or around July 2015 until in or around March 2020, Sanchez regularly worked Mondays through Saturdays from approximately 7:30 a.m. until 8:00 p.m., and Sundays from approximately 7:30 a.m. until 5:00 p.m., for a total of approximately eighty-four and a half (84.5) hours worked per week.

36. From in or around March 2020 until in or around May 2020, AMMC was closed due to the COVID -19 pandemic. As a result, Sanchez did not work for Defendants during this period.

37. From in or around May 2020 until in or around July 2020, Sanchez regularly worked Mondays through Saturdays from approximately 8:00 a.m. until 1:30 p.m. or from approximately 1:30 p.m. until 7:00 p.m., and Sundays from approximately 8:00 a.m. until 4:00 p.m., for a total of approximately forty-one (41) hours per week.

38. From in or around August 2020 until the end of her employment, Sanchez regularly worked Mondays through Saturdays from approximately 8:00 a.m. until 7:00 p.m., and Sundays from approximately 8:00 a.m. until 4:00 p.m., for a total of approximately seventy-four (74) hours per week.

39. Sanchez was not afforded proper meal or rest breaks during her employment with Defendants.

40. Defendants neither tracked the actual hours Sanchez worked nor required Sanchez to record her time.

41. From in or around March 2015 until in or around June 2017, Defendants paid Sanchez a fixed salary of $525.00 per week.

42. From in or around July 2017 until in or around March 2020, Defendants paid Sanchez a fixed salary of $600.00 per week.

43. From in or around April 2020 until the end of Sanchez's employment, except during the period in which AMMC was closed due to the COVID-19 pandemic, Defendants paid Sanchez a fixed salary of $750.00 per week.

**Fraudulent Filing of Information Returns**

44.     Throughout Plaintiffs' employment with Defendants, Defendants paid Plaintiffs part of their wages by check and part of their wages in cash.

45.     Defendants issued Internal Revenue Service ("IRS") W-2 Forms to Plaintiffs for the tax years 2015 through 2021 that only reflected the wages that Defendants paid to Plaintiffs by check.

46.     As a result, the W-2 Forms that Defendants issued to Plaintiffs for the tax years 2015 through 2021 did not reflect all wages that Defendants paid to Plaintiffs during each such year.

47.     Defendants filed the W-2 Forms issued to Plaintiffs for the tax years 2015 through 2021 with the IRS.

48.     Defendants willfully filed false information returns with the IRS related to Plaintiffs' wages each year from 2015 through 2021, in violation of 26 U.S.C. § 7434.

**Claims Common to All Plaintiffs**

49.     At all relevant times, Plaintiffs and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA and the NYLL and were entitled to overtime compensation for all hours worked in excess of forty (40) per week.

50.     Despite routinely working more than forty (40) hours per week, Plaintiffs and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for the hours they worked in excess of forty (40) per week.

51. Defendants further failed to furnish to Plaintiffs a payroll notice at the time of their respective hires, or at any time thereafter, containing Plaintiffs' rates of pay, the designated payday, or other information required by NYLL § 195(1).

52. Defendants also failed to furnish to Plaintiffs, with each wage payment, a statement listing Plaintiffs' regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

53. Defendants violated federal and state law by willfully failing to pay Plaintiffs and the FLSA Collective Plaintiffs overtime compensation; by failing to timely pay Plaintiffs their full amount of wages every week; and by failing to provide Plaintiffs with the required payroll notices and wage statements.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

54. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

55. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to receive overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) per week.

56. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

57. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular

hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour they worked in excess of forty (40) per week.

58. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

60. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of Plaintiffs' and the FLSA Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Overtime Violations under the NYLL)*

61. Plaintiffs repeat and reallege all prior allegations set forth above.

62. Pursuant to the applicable provisions of NYLL, Plaintiffs were entitled to receive overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) per week.

63. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

64. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable

minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours per week.

65. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

66. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

67. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Timely Pay Wages under the NYLL)*

68. Plaintiffs repeat and reallege all prior allegations set forth above.

69. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

70. During the relevant time period, Defendants routinely failed to pay Plaintiffs all of their earned wages in accordance with the agreed-upon terms of employment.

71. During the relevant time period, Defendants failed to timely pay Plaintiffs all their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

72. Plaintiffs regularly worked in excess of forty (40) hours per work during their employment with Defendants.

73. Throughout the relevant time period, Defendants failed to pay Plaintiffs all wages earned by Plaintiffs, including overtime wages earned for all hours worked in excess of forty (40) per week, in violation of NYLL § 191(1)(a)(i).

74. As a result of Defendants' violations of the law and failure to pay Plaintiffs in accordance with NYLL § 191(1)(a)(i), Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

75. Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action for all wages due, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Provide Payroll Notices under the NYLL)*

76. Plaintiffs repeat and reallege all prior allegations set forth above.

77. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs a notice containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

78. As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

79. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Provide Wage Statements under the NYLL)*

80. Plaintiffs repeat and reallege all prior allegations set forth above.

81. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing: their rate or rates of pay and basis thereof; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

82. As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

83. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Fraudulent Filing of Information Returns Under 26 U.S.C. § 7434)*

84. Plaintiffs repeat and reallege all prior allegations set forth above.

85. Throughout the relevant period, Defendants paid Plaintiffs their wages partially in cash, without any withholdings for federal, state, and local taxes, and partially in check with withholdings for federal, state, and local taxes.

86. Defendants provided Plaintiffs with a copy of the IRS Form W-2 that Defendants filed with the IRS each calendar year, which reflected only the wages paid to Plaintiffs via check.

87. An IRS Form W-2 is an information return as defined by 26 U.S.C. § 6724(d)(1).

88. Defendants were aware of their duty to accurately report to the IRS all wages paid to Plaintiffs.

89. Defendants were aware that the IRS Forms W-2 they issued to Plaintiffs and filed with the IRS did not reflect the wages that Defendants paid to Plaintiffs in cash.

90. Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing IRS Forms W-2 with false information regarding the wage payments made to Plaintiffs, thereby decreasing Defendants' tax liability.

91. As Defendants willfully filed fraudulent information returns in violations of 26 U.S.C. § 7434, Plaintiffs are entitled to damages in an amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiffs, along with the costs of this action and reasonable attorneys' fees.

92. Judgment should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action in an amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiffs for each fraudulent information return, the costs of this action, and reasonable attorneys' fees.

**WHEREFORE** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for damages in the amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiffs, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) Interest;

h) Costs and disbursements; and

i) Such other and further relief as is just and proper.

Dated:  New York, New York
        November 1, 2022

                                                        KATZ MELINGER PLLC

                                                        By: _/s/ Katherine Morales_
                                                        Katherine Morales, Esq.
                                                        370 Lexington Avenue, Suite 1512
                                                        New York, New York 10017
                                                        Telephone: (212) 460-0047
                                                        Facsimile: (212) 428-6811
                                                        kymorales@katzmelinger.com
                                                        *Attorneys for Plaintiffs*