UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN COLLADO and JENNY SANCHEZ, *individually and on behalf of others similarly situated*,

                          Plaintiffs,

-against-

ADOLFO MEAT MARKET CORP. and EUCEBIO ADOLFO MARTINEZ

                          Defendants.

Case No.1:22-cv-09366 (JMF)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants Adolfo Meat Market Corp. (the "Meat Market") and Eusebio Adolfo Martinez ("Martinez") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

On May 4, 2023, Plaintiffs filed an amended complaint alleging retaliation by the Defendants because they had previously filed an answer with counter claims. Defendants counter claims are based on nefarious acts discovered by the Defendants during the course of investigating and defending against Plaintiffs' initial complaint. The Defendants claims were unrelated to Plaintiffs filings and have no adverse effect on Plaintiffs' employment or prospect of employment. Moreover, it would be a dangerous path for the court to take if it were to determine that an employee's nefarious conduct is not actionable simply because they commenced an FLSA action first.

**ARGUMENT**

I. **PLAINTIFFS' CLAIM FOR RETALIATION MUST BE DISMISSED WHERE THERE WAS NO ADVERSE EMPLOYMENT ACTION AND WHERE THE LAWSUIT FILED IS NOT RETALIATORY**

42 U.S.C.A. §2000e-3(a) states that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by this chapter." To establish a prima facie case for retaliation a plaintiff must demonstrate that (1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 66 (2d Cir. 1998)

A lawsuit can be considered an adverse employment action. See *Bill Johnson's Restaurants, Inc. v. Nat'l Labor Relations Bd.*, 461 U.S. 731, 740 (1983)("by suing an employee . . . who engaged in . . . protected activities, an employer can place its employees on notice that anyone who engages in such conduct is subjecting himself to the possibility of a burdensome lawsuit.") "[A] lawsuit may rise to the level of retaliatory conduct" if it is "filed with a retaliatory motive and . . . without a reasonable basis in fact or law.")." *Shi-Hsin Chang v. Phoenix Satellite Television (U.S.), Inc.*, No. 14-CV-2686, 2014 WL 5017838, at *7 (S.D.N.Y. Sept. 22, 2014)

Moreover, while some courts have dismissed a plaintiff's claims for retaliation where "Defendants lacked control over any aspect of [Plaintiff's] working conditions, and . . . [Plaintiff] does not identify any aspect of her working conditions that changed after the counterclaim was filed" (*Marchuk v. Faruqi & Faruqi, LLP*, 100 F. Supp. 3d 302, 311-12 (S.D.N.Y. 2015)) other courts have argued that the law is not just meant to protect the employee involved in the matter, but other would be employees as well. See *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 209 (2d Cir. 2006) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57

(2006) ("employer actions that would have been materially adverse to a reasonable employee or job applicant . . . to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.")

Here it is clear that Plaintiffs can show neither and adverse employment action nor that the lawsuit is based on any retaliatory motive.

### a. There was no adverse employment action.

There is no disputing that by the time Plaintiffs commenced their action against the Defendants they were neither employees nor applicants for employment with the Defendants. As such they personally did not, and could not, suffer any adverse employment action. It is equally important to note that by the time Plaintiffs commenced their action against the Defendants the Plaintiffs had been out of Defendants' employ for over a year.

Thus, for the reasons of sheer impossibility, there was no adverse employment action against the Plaintiffs and there could be none against any other future employees or applicants. This fact alone dooms Plaintiffs' retaliation claim.

### b. There is no retaliatory motive.

The Plaintiffs commenced this action upon learning that Defendants realized that they had been stolen. There was no way to know that Plaintiffs were stealing during the time that they worked for the Defendants because Ms. Sanchez, the manager, kept track of all financial transactions and managed all of the books. It was only after she left that the books were reviewed, and it was discovered that checks were being improperly made out by her to herself and to Mr. Collado.

Equally, the fact that the camera system was stolen from the store was not something that was discovered during the Plaintiffs employment and was thus not actionable then.

Finally, the IRS underreporting was only discovered as a result of this action when

Plaintiffs in their complaint informed the Defendants and this Court, simultaneously, that they had been underreporting their wages to the accountant and to the IRS. Given the Plaintiffs' positions of control, as manager and owner of Adolfo Meat Market Corp., these violations were not hidden from the Defendants during the Plaintiffs' employment by the Defendants.

An FLSA action is not a protection against accusations of theft. Nothing in the case law says that a Plaintiff's illegal conduct is protected simply because they filed their case first.

### c. There are no similarly situated employees that would be put off by Defendants' counterclaims.

Plaintiffs were in a unique position – manager and owner of Adolfo Meat Market Corp. – that allowed them to engage in the activity complained of in Defendants Counterclaims (i.e., cutting checks to themselves and underreporting wages to the accountant and the IRS). No other employees are in a position to manage money at the Defendants' establishment or to interact with the Defendants accountant. Thus, Defendants counterclaims are so very specific to the Plaintiffs in this case that they have no consequential effect on any other employee seeking to commence an action against the Defendants for violations of the labor law.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' amended complaint against Defendants in their entirety, with prejudice, and grant any and all further relief as may be just and proper.

Dated: New York, New York
    June 2, 2023

_____
Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
Tel. 212-729-7900
restituyo@restituyolaw.com

*Attorney for Defendants*