**KATZMELINGER**
370 LEXINGTON AVENUE, SUITE 1512
NEW YORK, NEW YORK 10017
www.katzmelinger.com

Katherine Morales
Katz Melinger PLLC

o: 212.460.0047
f: 212.428.6811
kymorales@katzmelinger.com

January 5, 2024

**VIA ECF**
Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
40 Centre Street, Room 2202

**Re: Collado et al. v. Adolfo Meat Market Corp., et al., Civil Action No. 22-cv-09366**

Your Honor:

  We are attorneys for the Plaintiffs in this matter. We write pursuant to the Court's Individual Rules of Practice, Rule 4(k), to request that Defendants be compelled to produce the information and records sought by Plaintiffs in their November 26, 2023 letter (the "Deficiency Letter"), attached hereto as **Exhibit 1**, within 14 days of this request. Given that Defendants have not responded to the Deficiency Letter, Plaintiffs also request that the current January 15, 2024 fact discovery deadline be extended to 30 days from the date Defendants respond to the Deficiency Letter, in order to allow Plaintiffs time to review any additional discovery produced by Defendants and to conduct depositions.

  Plaintiffs submit this letter unilaterally as Defendants have not responded to Plaintiffs' repeated attempts to meet and confer regarding the deficiencies identified in the Deficiency Letter. Specifically, on November 26, 2023, Plaintiffs served the Deficiency Letter and requested that Defendants respond by December 6, 2023. Defendants did not respond by this date. As a result, Plaintiffs repeatedly followed-up with defense counsel, finally speaking with him by telephone on December 15, 2023, at which time Defendants agreed to respond to the Deficiency Letter by December 22, 2023. Defendants did not respond to the Deficiency Letter as agreed. Thus, on December 26, 2023, Plaintiffs advised defense counsel that Plaintiffs would raise the deficiencies outlined in the Deficiency Letter to the Court. However, our office received an automated message from defense counsel advising that he would be out of the office from December 26, 2023 through January 2, 2024. As a result, out of professional courtesy and to provide Defendants with one final opportunity to respond to the Deficiency Letter and/or to engage in the meet and confer process, our office advised defense counsel that if Defendants failed to respond to the Deficiency Letter by January 3, 2024, Plaintiffs would file a unilateral letter with the Court raising the deficiencies outlined in the Deficiency Letter.

  Defendants have not responded to the Deficiency Letter or engaged in the meet and confer process to date, but on January 4, 2024, defense counsel advised our office that individual

1

Hon. Jessica G. L. Clarke<br>January 5, 2024

defendant Martinez has filed for Chapter 7 bankruptcy and that Defendants intend to make a motion seeking a stay of all proceedings in this matter. Should Defendants file such a motion, Plaintiffs are prepared to brief their vigorous opposition to such a motion, as an individual defendant's bankruptcy filing does not properly stay the entire case. *See, e.g., Teachers Ins. and Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986)("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Group, PLC*, 564 B.R. 192, 196 (S.D.N.Y. 2016)(declining to extend stay to non-debtor co-defendants). Furthermore, until any motion to stay is briefed by the parties and resolved by the Court, Defendants are required to honor their discovery obligations in this matter, including responding to the Deficiency Letter.

Accordingly, Plaintiffs respectfully request that Defendants be compelled to produce the information and records sought by Plaintiffs in the Deficiency Letter within 14 days of today; and that the current January 15, 2024 fact discovery deadline be extended to 30 days from the date Defendants respond to the Deficiency Letter.

We thank the Court for its consideration of this request.

Respectfully submitted,<br>*/s/ Katherine Morales*<br>Katherine Morales

Cc:   All Counsel of Record (via ECF)

EXHIBIT 1

# K<small>ATZ</small>M<small>ELINGER</small>

370 <small>LEXINGTON AVENUE, SUITE</small> 1512
N<small>EW</small> Y<small>ORK</small>, N<small>EW</small> Y<small>ORK</small> 10017
www.katzmelinger.com

| | |
|---|---|
| Katherine Morales | o: 212.460.0047 |
| Katz Melinger PLLC | f: 212.428.6811 |
| | kymorales@katzmelinger.com |

November 26, 2023

**V<small>IA</small> E<small>MAIL</small>**
Law Offices of Martin E. Restituyo, P.C.
Martin Restituyo, Esq.
1325 Avenue of Americas, 28th Floor
(212) 729-7900
restituyo@restituyolaw.com

      **Re:**    *Juan Collado et. al. v. Adolfo Meat Market Corp., et. al.*
                **Civil Action No. 22-cv-09366-JMF**

Dear Martin:

    As you know, we represent plaintiffs Juan Collado and Jenny Sanchez in the above-captioned matter, and we write to address certain deficiencies in Defendants' responses and objections to Plaintiffs' First Set of Interrogatories and First Set of Document Requests. We request that Defendants provide a response to these deficiencies by December 6, 2023. We are available to meet and confer about these deficiencies should you wish to do so.

### Plaintiffs' First Set of Interrogatories

    **Interrogatory No. 5**: This interrogatory requests all documents, communications or other tangible items, however described, concerning employee scheduling during Plaintiffs' employment with Defendants, including but not limited to e-mails, memoranda, and correspondence. Defendants object to this interrogatory on various grounds and did not identify any responsive records, stating only that "for the most part" Defendants communicated schedules verbally and did not use emails, memoranda, or correspondence. It is not clear from this response whether Defendants are in possession of documents, such as emails, regarding employee scheduling. Please identify records responsive to this interrogatory or confirm that Defendants are not in possession of such records and that responsive records are not being withheld on the basis of Defendants' objections to this interrogatory.

    **Interrogatory No. 12**: This interrogatory requests that Defendants identify the names, addresses, and telephone numbers of each person with whom Plaintiffs worked during their employment with Defendants.

Martin Restituyo
November 26, 2023

Defendants did not respond to this interrogatory and objected that this interrogatory is overly broad, unduly burdensome, seeks confidential information, seeks irrelevant information, and seeks information outside of the scope of Local Civil Rule 33.3. Defendants' objections are clearly inapplicable. This interrogatory seeks information about individuals who worked with Plaintiffs during their employment with Defendants. These individuals may have information regarding Plaintiffs' work hours, wages, and Defendants' counterclaims against Plaintiffs. As a result, Plaintiffs are entitled to the information sought by this interrogatory. Further, these interrogatories do not seek information outside of the scope of Local Civil Rule 33. 3, which expressly allows Plaintiffs to obtain information regarding the "names of witnesses with knowledge of information relevant to the subject matter of the action." Please provide the information sought by this interrogatory.

**Interrogatories Nos. 11, 13, 23**: These interrogatories request that Defendant identify the individuals responsible for Defendants' payroll; identify the individuals who prepared, reviewed, approved, and/or filed any tax forms reflecting payments made to Plaintiffs; and identify the witnesses Defendants intend to call at trial.

Defendants provided a response to these interrogatories but also asserted objections, including objecting that these interrogatories "seek information from confidential sources." As an initial matter, concerns about confidentiality do not relieve Defendants' of its discovery obligations, and Defendants cannot impede Plaintiffs from obtaining otherwise discoverable information on the basis of confidentiality. Furthermore, given that Defendants respond to these interrogatories and also assert objections, it is not clear whether Defendants are withholding additional information based on their asserted objections. Please confirm that Defendants are not withholding additional information on the basis of their asserted objections, including the objection that these interrogatories seek confidential information.

**Interrogatories Nos. 14-15**: These interrogatories request that Defendants identify documents relating to Plaintiffs' job duties; and documents that relate to Sanchez's communications with AMMC's accountant(s).

Defendants have not provided responses to these interrogatories and objected to these interrogatories as overly broad and unduly burdensome; as seeking information from confidential sources; as calling for information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence; and as seeking information outside the scope of Local Civil Rule 33.3. Defendants' objections are meritless. Plaintiffs' requests are narrowly tailored in scope and seek relevant and specific information related to the claims, counterclaims, and/or defenses in this Action. Concerns about confidentiality do not relieve Defendants' of its discovery obligations, and Defendants cannot impede Plaintiffs from obtaining otherwise discoverable information on the basis of confidentiality. Lastly, these interrogatories do not seek information outside of the scope of Local Civil Rule 33. 3, which expressly allows Plaintiffs to obtain information regarding the "the existence, custodian, location and general description of relevant documents…" Please provide the information sought by these interrogatories.

**Interrogatories Nos. 17-18**: These interrogatories request that Defendants identify any person who had access to AMMC's office space during the Time Period; and any person who

investigated the circumstances surrounding Defendants' counterclaims against Plaintiffs. Defendants have not provided responses to these interrogatories and objected to these interrogatories as overly broad, unduly burdensome, seeking irrelevant information, seeking information from confidential sources, and as seeking information exceeding the scope of Local Civil Rule 33.3.

Defendants' objections are meritless. Plaintiffs' request is narrowly tailored to identify potential witnesses regarding the claims, counterclaims, and defenses asserted in this matter. Further, Plaintiffs are entitled to information regarding witnesses, who may have information regarding claims, counterclaims, and defenses asserted in this matter. Concerns about confidentiality do not relieve Defendants' of its discovery obligations, and Defendants cannot impede Plaintiffs from obtaining otherwise discoverable information on the basis of confidentiality. Lastly, these interrogatories do not seek information outside of the scope of Local Civil Rule 33. 3, which expressly allows Plaintiffs to obtain information regarding the "names of witnesses with knowledge of information relevant to the subject matter of the action." Please provide the information sought by these interrogatories.

### Plaintiffs' First Set of Document Requests

**Requests Nos. 2, 21 :** These requests seek documents that identify all current and/or former employees of Defendants during the Time Period; and documents that concern Plaintiffs' receipt of wage statements listing information required by NYLL § 195(3).

Defendants did not produce any records in response to these requests, and merely responded that "[s]ubject to and without waiving the above general and specific objections, Defendants refer Plaintiffs to the employee ledger currently believed to be in Plaintiff Sanchez's possession." Please produce records responsive to these requests or confirm that Defendants are not in possession of such records and that responsive records are not being withheld on the basis of Defendants' objections to these requests.

**Request Nos. 3-4**: Document request number 3 seeks documents identifying all current and/or former owners and/or shareholders of AMMC during the Time Period; and document request number 4 seeks documents identifying each such person's ownership interest in AMMC and the dates on which each person held such ownership interest in AMMC.

In response to document request number 3, Defendants asserted several objections and referred Plaintiffs to their document production bearing Bates numbers 0001 – 4 and 0006-10. However, such documents do not identify all current and/or former owners and/or shareholders of AMMC during the Time Period. Defendants did not respond to document requests number 4 and objected to the request as "being beyond the scope of a document demand." To be clear, these requests seek records such as financial and/or tax documents reflecting all current and/or former owners and/or shareholders of AMMC, their respective ownership interest, and the dates on which they held such ownership interest. Furthermore, Defendants asserted objections to both document requests, but fail to indicate whether any records are being withheld on the basis of their objections. Please produce records responsive to these requests or confirm that Defendants are not in

3

Martin Restituyo<br>November 26, 2023

possession of such records and that responsive records are not being withheld on the basis of Defendants' objections to these requests.

**Requests Nos. 7, 15-17**: These requests seek documents relating to any time-keeping systems utilized by Defendants to track the hours worked by employees, independent contractors, and/or other sources of labor; documents indicating the amount of time Plaintiffs worked each week during their employment with Defendants; documents concerning the actual time Plaintiffs began and ended work each day; and documents concerning the actual time that Plaintiffs took any meal, rest, or other breaks.

Defendants did not produce any records in response to these requests, and merely responded that "[s]ubject to and without waiving the above general and specific objections, Defendants refer Plaintiffs to the employee ledger currently believed to be in Plaintiff Sanchez's possession." Please produce records responsive to these requests or confirm that Defendants are not in possession of such records and that responsive records are not being withheld on the basis of Defendants' objections to these requests.

**Requests Nos. 18-19**: These requests seek documents concerning Plaintiffs' wages during their employment with Defendants, including but not limited to paystubs, paychecks, receipts, payroll notices, IRS W-2 Forms, and/or IRS 1099 Forms; and any and all of Plaintiffs' United States Internal Revenue Service W-2 or 1099 forms or other tax or wage records submitted by Defendants to the United States Internal Revenue Service or other tax authority during the Time Period.

Defendants did not produce documents in response to document request number 18 and objected that this request is overbroad, unduly burdensome, and seeks records already in Plaintiffs' possession. Defendants asserted the same objections with respect to document request 19 but also referred Plaintiffs to document bearing Bates number Defendants 00005. As an initial matter, document bates numbered Defendants 00005 is not responsive to document request number 19 as it is an affidavit from Bobby Blanco, not Plaintiffs' W-2 forms, 1099 forms, or other tax and wage records submitted to the IRS as requested by document request number 19. Moreover, Defendants' objections to document requests numbers 18 and 19 are without merit. Plaintiffs assert wage and hour claims and claims for fraudulent filing of information returns, and it is clear that requests for documents regarding their wages as well as tax and wage records submitted to the IRS are not unduly burdensome nor overbroad. Moreover, while Plaintiffs have produced documents in their possession regarding their wages, Plaintiffs are not in possession of all the records sought by these requests, including all of Plaintiffs' paystubs, paychecks, receipts, and tax documents such as IRS W-2 forms or IRS 1099 forms. Please produce records responsive to these requests or confirm that Defendants are not in possession of such records and that responsive records are not being withheld on the basis of Defendants' objections to these requests.

**Requests No. 28:** This request seeks documents concerning the authorized signatories for AMMC's bank account(s) during the Time Period, including but not limited to clearance forms, bank letters, and bank statements.

Martin Restituyo<br>November 26, 2023

Defendants did not produce any records in response to this request and object to this request as overly broad, unduly burdensome, vague and compound, seeking information protected by the attorney client privilege or work product doctrine, and as meant to harass Defendants. Defendants' objections are futile. This request is narrowly tailored and seeks specific information directly related to the counterclaims and defenses asserted in this Action. Please produce records responsive to these requests or confirm that Defendants are not in possession of such records and that responsive records are not being withheld on the basis of Defendants' objections to these requests. To the extent that any documents are being withheld on the basis of privilege or work product, please provide a privilege log.

**Requests No. 33**: This request seeks documents concerning Plaintiffs' access to AMMC's office space.

Defendants responded by referring Plaintiffs to their "general and specific objections," but failed to identify any such specific objections. Defendants also referred Plaintiffs to their document production bearing Bates numbers 0001 – 4 and 0006-10. However, Defendants fail to indicate whether any records are being withheld on the basis of their objections. Please confirm that Defendants are not in possession of additional records and that responsive records are not being withheld on the basis of Defendants' objections to this request.

**Requests No. 37-40,**: These requests seek documents concerning any communications between Plaintiffs and Defendants during their employment with Defendants; documents reflecting correspondence by and between Plaintiffs and Defendants, and/or any employees or representatives of Defendants, related to Plaintiffs' allegations in the Action or any defenses thereto; documents reflecting correspondence by and between Plaintiffs and Defendants, and/or any employees or representatives of Defendants, concerning Defendants' counterclaims against Plaintiffs for fraud, conversion, and unjust enrichment; documents concerning statements made by current and/or former employees of Defendants, or any other person, related to the claims, counterclaims, and defenses in this Action.

Defendants did not produce documents responsive to these requests and objected that these requests are overly broad, unduly burdensome, vague and compound, seek irrelevant information, are intended to harass Defendants, seek documents protected by the attorney client privilege or work product doctrine, and are already in Plaintiffs' possession. As an initial matter, these requests seek communications between Plaintiffs and Defendants and/or any employees or representatives of Defendants, and such documents are not protected by the attorney client privilege or work product doctrine. Defendants' remaining objections are similarly without merit. Specifically, the documents sought are clearly relevant to the claims, counterclaims, and defenses asserted in this matter and are therefore not overbroad, unduly burdensome, or seek irrelevant information. Please produce records responsive to these requests or confirm that Defendants are not in possession of such records and that responsive records are not being withheld on the basis of Defendants' objections to these requests. To the extent that any documents are being withheld on the basis of privilege or work product, please provide a privilege log.

Martin Restituyo<br>November 26, 2023

Please feel free to reach out if you would like to discuss any of the above further.

                                                                                                    Sincerely,  
                                                                                                    */s/ Katherine Morales*  
                                                                                                     Katherine Morales