KATZMELINGER
370 LEXINGTON AVENUE, SUITE 1512
NEW YORK, NEW YORK 10017
www.katzmelinger.com

| | |
|---|---:|
| Katherine Morales | o: 212.460.0047 |
| Katz Melinger PLLC | f: 212.428.6811 |
| | kymorales@katzmelinger.com |

January 5, 2024

**VIA ECF**
Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
40 Centre Street, Room 2202

**Re: Collado et al. v. Adolfo Meat Market Corp., et al., Civil Action No. 22-cv-09366**

Your Honor:

  We are attorneys for the Plaintiffs in this matter. We write pursuant to the Court's Individual Rules of Practice, Rule 4(k), to request that Defendants be compelled to produce the information and records sought by Plaintiffs in their November 26, 2023 letter (the "Deficiency Letter"), attached hereto as **Exhibit 1**, within 14 days of this request. Given that Defendants have not responded to the Deficiency Letter, Plaintiffs also request that the current January 15, 2024 fact discovery deadline be extended to 30 days from the date Defendants respond to the Deficiency Letter, in order to allow Plaintiffs time to review any additional discovery produced by Defendants and to conduct depositions.

  Plaintiffs submit this letter unilaterally as Defendants have not responded to Plaintiffs' repeated attempts to meet and confer regarding the deficiencies identified in the Deficiency Letter. Specifically, on November 26, 2023, Plaintiffs served the Deficiency Letter and requested that Defendants respond by December 6, 2023. Defendants did not respond by this date. As a result, Plaintiffs repeatedly followed-up with defense counsel, finally speaking with him by telephone on December 15, 2023, at which time Defendants agreed to respond to the Deficiency Letter by December 22, 2023. Defendants did not respond to the Deficiency Letter as agreed. Thus, on December 26, 2023, Plaintiffs advised defense counsel that Plaintiffs would raise the deficiencies outlined in the Deficiency Letter to the Court. However, our office received an automated message from defense counsel advising that he would be out of the office from December 26, 2023 through January 2, 2024. As a result, out of professional courtesy and to provide Defendants with one final opportunity to respond to the Deficiency Letter and/or to engage in the meet and confer process, our office advised defense counsel that if Defendants failed to respond to the Deficiency Letter by January 3, 2024, Plaintiffs would file a unilateral letter with the Court raising the deficiencies outlined in the Deficiency Letter.

  Defendants have not responded to the Deficiency Letter or engaged in the meet and confer process to date, but on January 4, 2024, defense counsel advised our office that individual

1

Hon. Jessica G. L. Clarke<br>January 5, 2024

defendant Martinez has filed for Chapter 7 bankruptcy and that Defendants intend to make a motion seeking a stay of all proceedings in this matter. Should Defendants file such a motion, Plaintiffs are prepared to brief their vigorous opposition to such a motion, as an individual defendant's bankruptcy filing does not properly stay the entire case. *See, e.g., Teachers Ins. and Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986)("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Group, PLC*, 564 B.R. 192, 196 (S.D.N.Y. 2016)(declining to extend stay to non-debtor co-defendants). Furthermore, until any motion to stay is briefed by the parties and resolved by the Court, Defendants are required to honor their discovery obligations in this matter, including responding to the Deficiency Letter.

Accordingly, Plaintiffs respectfully request that Defendants be compelled to produce the information and records sought by Plaintiffs in the Deficiency Letter within 14 days of today; and that the current January 15, 2024 fact discovery deadline be extended to 30 days from the date Defendants respond to the Deficiency Letter.

We thank the Court for its consideration of this request.

Respectfully submitted,
*/s/ Katherine Morales*
Katherine Morales

Cc: All Counsel of Record (via ECF)

Regarding Defendants' request to stay this action in its entirety, *see* ECF No. 73, "[i]t is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). The extension of the automatic stay to non-debtors is "extraordinary relief" which is not appropriate here. *See In re SDNY 19 Mad Park, LLC*, 2014 WL 4473873 (Bankr. S.D.N.Y. Sept. 11, 2014)); *see also Queenie, Ltd. v. Nygard International*, 321 F.3d 282, 287–88 (2d Cir. 2003) ("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate."). Accordingly, the action is STAYED with respect to Defendant Eucebio Adolfo Martinez, but Defendants' request to stay this action with respect to Defendant Adolfo Meat Market Corp. ("AMMC") is DENIED.

The parties are ordered to meet and confer with respect to the alleged deficiencies in discovery, and submit a joint letter in compliance with the Court's Individual Rule 4(k) no later than **January 19, 2024**. If counsel seeks to withdraw from representation of Defendant AMMC, counsel must file a motion to withdraw in accordance with Local Rule 1.4 no later than **January 26, 2024**. Defendant AMMC is reminded that corporations must be represented by an attorney and may not proceed pro se. See Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007).

The Clerk of Court is directed to terminate ECF Nos. 71 and 73.

JESSICA G. L. CLARKE
United States District Judge

Dated: January 16, 2024